IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Shane Dolan, ) | Case No. ___3:17-2282-TLW___ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | (Jury Trial Demanded) |
| ) | |
| UniFirst Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Plaintiff, complaining of the Defendant, would respectfully show as follows:

### NATURE OF THE ACTION

1. The Plaintiff, Shane Dolan, ("Plaintiff") brings this action against Defendant, UniFirst Corporation, ("Defendant") to recover damages caused by the Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA").

2. This action arises out of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA and Defendant's retaliatory termination of Plaintiff for engaging in an activity protected under the FLSA.

### PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is a citizen and resident of Greenville County, South Carolina. Plaintiff was employed by Defendant as a District Service Supervisor, from September 8, 2015, to January 19, 2017, in Lexington County, South Carolina. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203 (e).

1

4.      Defendant is a foreign corporation organized and headquartered in Massachusetts. Defendant owns property, employs agents and conducts business within Lexington County, South Carolina. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, because it has annual sales or business of at least $500,000 and has employees engaged in interstate commerce.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on the FLSA, 29 U.S.C. § 201 *et seq*.

6.      Venue is proper in the United States District Court, District of South Carolina, pursuant to 28 U.S.C. § 1391, because Defendant does business in this judicial district and division, and the unlawful employment practices giving rise to Plaintiff's claims were committed within this judicial district and division.

7.      The actions complained of herein were committed by employees or agents of Defendant, acting within the course and scope of their employment or agency.

## FACTUAL ALLEGATIONS

8.      Plaintiff began working full time for Defendant at its Lexington, South Carolina, facility on September 8, 2015, as a District Service Supervisor. Plaintiff was classified as an "exempt" employee for overtime purposes, paid a yearly salary of $37,700, and did not receive commissions.

9.      Defendant regularly required Plaintiff to work in excess of forty hours per week. Plaintiff routinely worked from 4:45 a.m. until at least 7:00 p.m., without a lunch break, for a total of 70 to 75 hours per week. Defendant refused to compensate Plaintiff for time worked in excess of 40 hours per week.

10.     Plaintiff was a "supervisor" in title only.

11. At hire, Plaintiff's purported duties were to supervise Route Sales Representatives, ensure the trucks ran properly and left the docks each morning, respond to service requests, and negotiate customer renewal contracts. Plaintiff was told he only occasionally would go on the routes himself, to fill in for drivers on sick leave or vacation or to train new drivers.

12. Defendant delegated no supervisor/management duties to Plaintiff: Plaintiff had no authority to hire or fire other employees; Plaintiff did not participate in interviews or review potential employees' resumes or applications; Plaintiff could not discipline employees he supervised; Plaintiff did not set the schedules of drivers he supervised; Plaintiff did not assign or set drivers' routes; Plaintiff could not set or adjust driver pay; and Plaintiff could not approve vacation time or sick leave.

13. Due to a perpetual shortage of Route Sales Representatives, Plaintiff's primary duty over the approximately year and a half he was employed by Defendant was to drive trucks on delivery routes for Defendant.

14. On a typical day, Defendant required Plaintiff to arrive at work between 4:30 and 4:45 a.m. to perform truck maintenance, take inventory, and make adjustments to the day's deliveries. Defendant then required Plaintiff to drive one of several set routes, which ranged from nine to twenty-nine stops, and required Plaintiff to drive as far as Thomson, Georgia. At each stop, Plaintiff would deliver supplies, as well as perform such labor-intensive duties as sort dirty linens, change out mops and mats, collect soiled uniforms to be laundered, and resupply bathrooms. When Plaintiff returned to Defendant's warehouse at the end of a route, Plaintiff was required to unload and sweep the truck, load the truck for the next day's deliveries, settle his own route, then cash in other route drivers, before leaving for the day between 7:00 p.m. and 8:00 p.m.

15. Though Plaintiff performed the same work as the Route Sales Representatives he "supervised," Plaintiff earned approximately half the salary because he did not earn commissions for on-route sales.

16. Plaintiff complained numerous times, in person and via text message, to District Manager, Joshua Vicari, about the excessive hours Defendant required Plaintiff to work, Plaintiff's salary and Defendant's refusal to pay overtime or commissions, and Defendant's overall treatment of Plaintiff.

17. As Plaintiff's complaints increased, so did Mr. Vicari's hostility and retaliatory actions toward Plaintiff.

18. Mr. Vicari threatened to dock Plaintiff's pay if Plaintiff left before finishing his assigned duties, despite the fact that Plaintiff had worked in excess of 40 hours for the week and did not receive overtime compensation.

19. Mr. Vicari also retaliated against Plaintiff for complaining about his hours and pay by intentionally assigning Plaintiff to longer and more labor-intensive routes than originally scheduled.

20. Around September 2016, Branch Manager Michael Murphy, Office Manager Renee Hill, and District Service Manager Lawrence Altman called Plaintiff into a meeting to question Plaintiff about a recent confrontation between Plaintiff and Mr. Vicari regarding routes and hours. In the meeting, Plaintiff reiterated to management his concerns about excessive hours worked and minimal pay. Specifically, Plaintiff expressed to management that the hours were "seriously affecting my personal life at home," and "my wife is tired of raising the kids on her own." The meeting concluded with Plaintiff receiving a "note to file".

21. In December 2016, Plaintiff again complained to Mr. Altman about his excessive hours and minimal pay. Plaintiff requested to change positions to become a Route Sales Representative so that he could earn commissions for his long hours. Plaintiff repeated his request to Mr. Vicari.

22. On January 14, 2017, Plaintiff sent Mr. Vicari several text messages expressing his frustration with being scheduled to drive routes for another six weeks with no commission and no help.

23. On January 16, 2017, Plaintiff was called into a meeting with Branch Manager Brent Harper and Mr. Vicari. Mr. Harper and Mr. Vicari informed Plaintiff that he was suspended because of his "bad attitude."

24. While suspended, on January 18, 2017, Plaintiff called Defendant's Corporate Human Resources (HR) Supervisor to complain about the number of weekly hours he was required to work. Plaintiff informed Defendant's HR Supervisor that he believed he was "misclassified" as an exempt employee under the FLSA and intended to file a complaint with the Department of Labor. On January 18, 2017, the Corporate HR Supervisor called the Plaintiff back and told him to report to work at 9:00 am instead of 6:00 am as originally scheduled. The Plaintiff asked why the time had changed and the HR Supervisor stated he would have to speak to the Branch Manager.

25. On January 19, 2017, Plaintiff was terminated by Defendant for "past instances of insubordination."

26. Plaintiff's January 19, 2017, termination by Defendant was in retaliation for Plaintiff's complaints about overtime hours and pay.

**FOR A FIRST CAUSE OF ACTION**
**Fair Labor Standards Act**
**(Failure to Pay Overtime Wages)**

5

27. The foregoing allegations are incorporated herein as set forth verbatim.

28. Defendant violated the FLSA by failing to pay Plaintiff overtime wages of at least one and a half times Plaintiff's normal hourly wage for all hours worked in excess of forty (40) hours in a particular given workweek.

29. Defendant improperly classified or treated Plaintiff as exempt from the overtime pay requirements of the FLSA.

30. Defendant was aware of the overtime requirements of the FLSA and knew or should have known that Plaintiff was entitled to overtime wages under the FLSA.

31. Defendant's failure to pay Plaintiff overtime wages was willful and/or in reckless disregard for the statutory requirements of the FLSA.

### FOR A SECOND CAUSE OF ACTION
**Fair Labor Standards Act**
**(Retaliation)**

32. The foregoing allegations are incorporated herein as set forth verbatim.

33. Plaintiff engaged in protected activity within the meaning of the FLSA.

34. Defendant retaliated against Plaintiff for engaging in protected activity within the meaning of the FLSA.

35. Defendant violated the FLSA by retaliating against Plaintiff for engaging in protected activity within the meaning of the FLSA.

36. Defendant's actions in retaliating against Plaintiff were willful as that term is defined by the FLSA.

### PRAYER FOR RELIEF

37. WHEREFORE, having fully set forth his allegations against Defendant, Plaintiff respectfully requests the following relief:

    a. compensatory damages equal to the amount of wages and overtime that Defendant should have paid Plaintiff under the requirements of the FLSA;

    b. liquidated damages in an amount equal to the award of compensatory damages;

    c. attorney's fees and costs incurred in bringing this action; and

    d. such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

38. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted.

**BURNETTE SHUTT & MCDANIEL, PA**

s/Janet E. Rhodes
Janet E. Rhodes, Esq. (10521)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Suite 200 (29201)
P.O. Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7915
Facsimile: (803) 904-7910
Email: jrhodes@burnetteshutt.law

*Attorney for Plaintiff*

Columbia, SC
August 25, 2017