IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shane Dolan, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:17-cv-2282-TLW |
| ) | |
| vs. ) | |
| ) | |
| UniFirst Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **ORDER**

Plaintiff Shane Dolan filed this suit alleging failure to pay overtime wages and retaliation in violation of the Fair Labor Standards Act (FLSA). ECF No. 1. Before the Court is the parties' "Joint Motion to Stay Proceedings Pending Binding Arbitration." ECF No. 6. In their motion, the parties consent to binding arbitration on all issues pursuant to the Employment Agreement and Restrictive Covenant executed by the parties on September 8, 2015, ECF No. 6-1, and move for the Court to stay the action pending the completion of arbitration. ECF No. 6. The Court has carefully considered the filings and applicable law and this matter is now ripe for disposition.

The Federal Arbitration Act (FAA) provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Green Tree Fin. Corp.–Ala. v. Randolf*, 531 U.S. 79, 89 (2000). In addition, "[t]he FAA reflects a liberal federal policy favoring

1

arbitration agreements. Underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (internal quotation omitted). Parties agree to arbitrate to "trade the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration," and these benefits are widely recognized. *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 936 (4th Cir. 1999) (internal quotation omitted).

In the Fourth Circuit, to compel arbitration, a defendant must demonstrate: (i) the existence of a dispute between the parties; (ii) a written agreement that includes an arbitration provision that purports to cover the dispute; (iii) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (iv) the failure, neglect or refusal of plaintiff to arbitrate the dispute. *See Adkins*, 303 F.3d at 500–01. In the instant case, the parties agree to submit to binding arbitration. ECF No. 6. In light of the pending arbitration proceedings, the parties have requested that this action be stayed. *Id.*

Section 3 of the FAA states that, if matters in an action before the Court are referable to arbitration, then the Court shall stay the trial of the action until such arbitration has been had. 9 U.S.C. § 3. While there is some degree of "tension" in the Fourth Circuit precedent, the opinion in *Choice Hotels International, Inc. v. BSR Tropicana Resor, Inc.*, recognizes the authority of the district court to dismiss an action when all of the issues presented are arbitrable. 252 F.3d 707 (4th Cir. 2001) (holding that "[n]otwithstanding the terms of § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *see Aggarao v. MOL Management Co., Ltd.*, 675 F.3d 355, 376 n. 18 (4th Cir. 2012) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Galloway v.*

2

*Santander Consumer USA, Inc.*, 819 F.3d 79 (4th Cir. 2016) (affirming the District Court's dismissal after finding that all claims were arbitrable). This Court finds the analysis in *Aggarao* and *Alford* persuasive. After careful consideration of the relevant filings and case law, the Court concludes that all issues in this case will be submitted to arbitration by agreement of the parties and, therefore, no remaining claims would proceed to trial. Thus, for the aforementioned reasons, the parties' motion, ECF No. 6, is hereby **DENIED**, and this case is **DISMISSED** based on the parties' agreement to submit all claims and issues to binding arbitration in accordance with the Arbitration Agreement and the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures.

    **IT IS SO ORDERED.**

*s/Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 14, 2017
Columbia, South Carolina